Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50453 | **DATE** | May 4, 2001 |
| **CASE TITLE** | UNITED GENERAL TITLE INSURANCE CO. v. TYER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter magistrate's Report and Recommendation that Plaintiff's Motion for Entry of a Default Judgment be granted.

(11) ■ [For further detail see attached order.]

| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | MAY - 7 2001 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| TML | courtroom deputy's initials | 01 MAY -4 PM 2: 54 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| UNITED GENERAL TITLE INSURANCE CO., | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 00 C 50453 |
| v. | ) | Philip G. Reinhard |
| | ) | P. Michael Mahoney |
| ROBERT HILTON TYER II and, | ) | |
| OGLE COUNTY TITLE AND | ) | |
| ABSTRACT CO. II, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On February 6, 2001, this court granted Plaintiff's Motion for Service by Special Order of the Court. (Pl.'s Motion filed 1/25/01). Plaintiff stated that repeated, unsuccessful attempts had been made to serve Defendant Tyer, in his individual capacity as well as his capacity as President of Ogle County Title and Abstract Co., II. (Pl.'s Motion at 1, filed 1/25/01). Plaintiff represented to this court that Defendant had engaged in intentional evasion of service. As a result of Defendant Tyer's evasion, Plaintiff requested that this court permit service pursuant to Rule 4(e) and the Illinois Code of Civil Procedure. Fed. R. Civ. P. 4(e) and 735 ILCS 5/2-203.1. Plaintiff provided substantial evidence of the accuracy of the business and residential addresses and its inability to obtain service through affidavit. In the February 6, 2001, order, this court found that Plaintiff had demonstrated that service, other than through personal service, was appropriate due to Defendant Tyer's willful evasion. Plaintiff demonstrated that the services of several agencies had been utilized in attempting to serve Mr. Tyer, but that all attempts had been unsuccessful. Plaintiff was granted permission to obtain service by serving the summons and complaint upon Defendants at the business and

residential addresses indicated through certified mail, return receipt requested. (Order, filed 2/6/01).

Currently, Plaintiff requests that a default judgment be entered against Defendants, pursuant to Rule 55, for failure to plead or otherwise defend as provided in the Federal Rules of Civil Procedure. (Pl.'s Motion, filed 4/24/01). Plaintiff states that on February 7, 2001, pursuant to this court's February 6, 2001 order, Plaintiff sent Defendant Tyer, via first class and certified mail, four copies of the complaint and summons, one to his home address and three to the business address. The packet sent to Mr. Tyer's home address was returned with a notification of a new address, a P.O. Box, and the three sent to the business address were returned marked address unknown. Apparently, Plaintiff had addressed the three packets to Kinsington Drive in Schaumburg, Illinois, rather than the correct address, Kensington Drive. Plaintiff then sent four packets containing the complaint and summons to the revised, Kensington Drive, business address on February 26, 2001. Those four packets, addressed to both the individual and corporate defendants, were returned as 'refused'. Additionally, service was attempted by posting copies of the complaint and summons on the door of Mr. Tyer's home address in Ft. Worth, Texas on February 27, 2001. Plaintiff states that no responsive pleading has been received from Defendants.

This court recommends that Plaintiff's motion for a default judgment in the amount of $208,149.02 plus attorney's fees and costs be granted. Rule 55 provides "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Therefore, if Plaintiff can demonstrate that Defendants have failed to plead or otherwise defend in the time permitted by the rules, Plaintiff's motion should be granted.

Plaintiff has obtained service of process. In *Swaim v. Moltan Co.*, the Seventh Circuit noted that service of process is governed by the law of the state where the district court is located unless the statute giving rise to the cause of action prescribes rules for service. 73 F.3d 711, 719 (7th Cir. 1996). In *Swaim*, the court upheld the entry of a default judgment, pursuant to Indiana's rules regarding service, finding that the defendant had evaded service and that the plaintiff had complied with the requirements of Indiana in effecting process. *Id*. In this case, personal service on Defendant was attempted many times and Defendant's evasion of service has significantly delayed the course of litigation. The complaint in this case was filed December 22, 2000, and almost six months later, Defendant still has not filed a response. Illinois law provides that service may be obtained by special court order where service through the means otherwise authorized is impracticable. 735 ILCS 5/2-203.1 and 735 ILCS 5/2-204 (providing that private corporations may be notified in any manner permitted by law). Section 2-203.1 provides that a court may order that service be made in any manner consistent with due process upon a showing that "diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful." 735 ILCS 5/2-203.1.

The requirement of the Due Process Clause of the Fourteenth Amendment is that service be reasonably calculated to inform a party of the pendency of the action and provide that party with an opportunity to respond. *Swaim* at 720 citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). The guarantee of due process "has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Defendants' due process rights have been adequately protected through this court's previous order permitting Plaintiff to serve

3

Defendant through the mail. Plaintiff also took the additional step of posting the summons and complaint to Defendant Tyer's front door. Plaintiff has previously demonstrated that the Ft. Worth address is Tyer's current residence and that Tyer had been seen at that residence as recently as January of 2001. In *Swaim*, the Seventh Circuit determined that service had been obtained. In that case, the summons and complaint had been mailed by certified mail, return receipt requested. The Seventh Circuit found service to be proper in spite of the fact that the documents had been returned on every occasion. *Swaim* at 721. In this case, this court found that it was proper, pursuant to Illinois law, to serve Defendants by the same method authorized by Indiana law in *Swaim*. Therefore, in spite of the fact that the notices sent to Defendants were returned as refused, service has been effected. *See Swaim* at 721. To permit Defendants to continue to evade service of process and wilfully remain technically, though not actually ignorant of the pending litigation would have the effect of rewarding Defendants' obstructionist tactics at great expense to both the courts and Plaintiffs.

Section 2-203.1 has been addressed in only one case. *Mugavero v. Kenzler*, 317 Ill. App. 3d 162 (2nd Dist. 2000). In that case, the Appellate Court of Illinois determined that the plaintiff had failed to comply with the portion of that section requiring a written affidavit. The affidavit should detail the nature and extent of the investigation of the defendant's whereabouts, state why service is impracticable and must accompany the motion for special service. *Mugavero* at 165. The court found that Section 2-203.1 required strict compliance and that though the details may have been provided by the plaintiff on the records, the statute required an affidavit and without the affidavit service was improper. *Mugavero* at 165. In this case, Plaintiff has fully complied with the requirements of Section 2-203.1.

4

Pursuant to this court's order granting Plaintiff's motion for service, Plaintiff has demonstrated that four copies of the summons and complaint were sent via certified, return receipt requested mail to Mr. Robert H. Tyer, II and Ogle County Title and Abstract Co., II at the correct business address in Schaumburg, Illinois on February 26, 2001. Further, that those documents were refused and returned. Also, after considerable effort and expense to obtain personal service at Mr. Tyer's residence in Ft. Worth, Texas, proved to be no match for Mr. Tyer's evasions, Plaintiff had the complaint and summons posted to the front door of that residence on February 27, 2001. Rule 12(a) provides "Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer (A) within 20 days after being served with the summons and complaint, or (B) if service of the summons has been timely waived on request under Rule 4(d), within 60 days after the date when the request for waiver was sent, or within 90 days after that date if the defendant was addressed outside any judicial district of the United States." Fed. R. Civ. P. 12(a). In this case, service was effectuated, at the latest, on February 26, 2001. A request for waiver of service pursuant to Rule 4(d) was sent by Plaintiff on that same date. Given the fact that service of process was obtained through non-standard means in this case, this court finds that Defendants should be allowed to have 60 days to respond to Plaintiff's complaint. Rule 4(d) and 12(a)(1)(B) provide that a defendant who waives service of a summons shall have 60 days from the date the request of waiver was sent to respond to the complaint. Fed. R. Civ. P. 4(d) and 12(a)(1)(B). That time frame, rather than the 20 days, is more appropriate in this case. In any case, it has been 60 days since Plaintiff mailed, by certified mail, return receipt requested, the summons and complaint to Defendants. Plaintiff's motion for a default judgment is timely.

The Seventh Circuit has noted that, whereas the entry of default judgments had previously

been disfavored as draconian, there has been a significant trend in granting default judgment against defendants who attempt to subvert the judicial processes and cause significant delay through abuse of those processes. *In re. State Exchange Finance Co.*, 896 F.2d 1104 (7th Cir. 1990). The remedy of default judgment for Plaintiff is appropriate where, as here, Plaintiff has gone to significant effort and expense in an attempt to seek a judicial resolution of a conflict and Defendants have caused undue delay and expense through willful evasion of process.

**CONCLUSION**

For the reasons stated above, it is the magistrate's Report and Recommendation that Plaintiff's motion for entry of a default judgment in the amount of $208,149.02 and for attorney's fees and costs be granted. Plaintiff has provided an affidavit regarding attorney's fees and expenses claiming that $31,178.44 has been incurred in fees and costs. That affidavit does not provide any details as to what hourly rates were charged, the number of hours worked and what issues were addressed during those times. The magistrate recommends that Plaintiff be awarded these fees and costs upon a filing, with the District Court, of an amended affidavit providing further information as to the hourly rates charged and the number of hours worked.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 5/04/01